Filed 11/29/22 P. v. McLaughlin CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075089 |
| v. | (Super.Ct.No. CR42433) |
| MARTIN MAJOR MCLAUGHLIN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed.

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys

General, A. Natasha Cortina, Lynne G. McGinnis and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1993, defendant Martin Major McLaughlin was tried and convicted of first degree murder (Pen. Code,[1] § 187), with findings that he personally used a firearm (§ 12022.5), and a special circumstance finding that the murder was committed during a robbery (former § 190.2, subd. (a)(17)(i), currently numbered § 190.2, subd. (a)(17)(A)). He was sentenced to life without possibility of parole (LWOP) plus a consecutive term of 4 years for the gun use enhancement. In 2019, following enactment of Senate Bill No. 1437 (Senate Bill 1437) and former section 1170.95 (renumbered as section 1172.6), defendant petitioned for resentencing, but the petition was denied. He appealed the denial of that petition and we affirmed. Defendant petitioned for review in the California Supreme Court, which remanded the matter to us to vacate our opinion and to reconsider the case in light of its recent decisions in *People v. Lewis* (2021) 11 Cal.5th 952, 971-972 (*Lewis*) and *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).

Pursuant to the Supreme Court's directions, we vacated our opinion and permitted the parties to submit supplemental briefs, which they have done. Although the People argue we should again affirm, consistent with the decisions in *Lewis* and *Strong*, we will reverse the order denying the petition and remand the matter to the trial court for further proceedings.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

BACKGROUND

We need not recite a detailed history of the case in light of the procedural posture of the case. Suffice it to say that defendant was charged and convicted by a jury of first degree murder. (§ 187.) The jury also made true findings as to the special circumstance allegation that the murder was committed during the commission of a robbery (§§ 190.2, subd. (a)(17), 211), and that defendant personally used a firearm (§ 12022.5). He was sentenced to LWOP for the special circumstances murder, plus a consecutive 4-year term for the personal use of the firearm. Defendant appealed that conviction, and we affirmed in full. (*People v. McLaughlin,* E013276, Sept. 2, 1994, [nonpub. opn.].)

On August 6, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. His petition alleged that he was convicted of first or second degree murder under the felony-murder theory or natural and probable consequences theory, that he could not now be convicted of first or second degree murder because of changes to sections 188 or 189, and that he was not the actual killer. On February 21, 2020, the court denied the petition. Defendant appealed. On appeal, we affirmed the denial of the petition holding that the record of conviction, showing he was found to have personally used a firearm and that the special circumstance allegation pertaining to felony murder made him ineligible for relief. Defendant petitioned for review, and the petition was granted and held for decision and was subsequently remanded to us with directions to vacate our decision and reconsider it in light of *People v. Lewis, supra,* 11 Cal.5th 952,

and *People v. Strong, supra,* 13 Cal.5th 698. We granted the parties leave to submit supplemental briefs, which they have done.

## DISCUSSION

Defendant argued that his former section 1170.95 petition should have been granted because the People never established that the jury found the felony-murder special circumstances true, did not establish whether defendant acted alone or as an aider-abettor, and whether the gun use enhancement was based on the shooting or some other use of a weapon. He asserted that we must accept as true all the statements in defendant's petition and ignore the record of conviction. On remand, we reconsider the matter in light of the recent decisions in *Lewis, supra,* 11 Cal.5th 952, 971-972, and *Strong, supra,* 13 Cal.5th 698 as directed.

1.    *Statutory and Decisional Framework*

Senate Bill 1437 was passed in 2018 and became effective in January 2019. The Legislature passed the bill after determining that there was further "need for statutory changes to more equitably sentence offenders in accordance with their involvement in homicides." (Stats. 2018, ch. 1015, § l, subd. (b).)

Under amendments to sections 188 and 189, the natural and probable consequences doctrine can no longer be used to support a murder conviction. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103 & fn. 9 [review granted November 13, 2019, S258175]; Stats. 2018, ch. 1015, § 1(f).)

4

The change did not, however, alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily "know and share the murderous intent of the actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118; see *People v. Chiu* (2014) 59 Cal.4th 155, 167 [a direct aider and abettor "acts with the mens rea required for first degree murder"].) Nor did the law affect persons convicted as the actual killer.

Amended section 189 limits first degree murder liability based on a felony-murder theory to a person who: (1) was the actual killer; or (2) although not the actual killer, intended to kill and assisted the actual killer in the commission of first degree murder; or (3) was a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).) In so doing, Senate Bill 1437 ensures that murder liability is not imposed on a person who did not act with implied or express malice, was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Munoz* (2019) 39 Cal.App.5th 738, 749-750, review granted November 26, 2019, S258234.)

Senate Bill 1437 also added section 1170.95 (currently renumbered as section 1172.6), which permits a person convicted of murder under a felony-murder or natural and probable consequences theory to petition the court to have the murder conviction vacated and to be resentenced. (Former § 1170.95, subds. (a) & (e).) Former section 1170.95 requires that the petition be filed in the sentencing court, and must include the

5

petitioner's declaration showing eligibility, the case number, the year of conviction, and any request for counsel. (Former § 1170.95, subd. (b); *People v Verdugo* (2020) 44 Cal.App.5th 320, 327, review granted March 18, 2020, S260493 (*Verdugo*).)

Former section 1170.95, subdivision (a) provides that a person convicted of felony-murder or murder under a natural and probable consequences theory may petition the trial court to have his or her murder conviction vacated or be resentenced, asserting the petitioner could "not be convicted of first or second degree murder because of changes to Section[s] 188 or 189" made by Senate Bill 1437. (Former § 1170.95, subd. (a), *Lewis, supra,* 11 Cal.5th at p. 959.)

*Lewis* clarified the procedure by which a trial court determines if the petitioner has made a prima facie showing and instructs us that to make the determination, courts may review the entire record of conviction, including the opinion in the direct appeal, and that "'[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Lewis, supra,* 11 Cal.5th at p. 971, citing *People v. Drayton* (2020) 47 Cal.App.5th 965, 978 [fn. omitted]; *In re Serrano* (1995) 10 Cal.4th 447, 456].) The Supreme Court, however, cautioned that "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'[Citations.]" (*Lewis, supra,* 11 Cal.5th at p. 971.)

Subsequently, the Supreme Court issued another decision resolving an issue of great concern in *Strong, supra,* 13 Cal.5th 698, where it held that the fact a defendant's

6

conviction includes a true finding on a special circumstance allegation, issued by a jury prior to the holdings of *People v. Banks* (2015) 61 Cal.4th 788, and *People v. Clark* (2016) 63 Cal.4th 522, does not, *ipso facto,* render the defendant ineligible for relief at the prima facie stage. (*Strong, supra,* 13 Cal.5th at pp. 710, 718.)

We now turn to the defendant's petition, as it has been impacted by these recent cases.

2.      *Defendant's Eligibility for Resentencing Under These Precedents.*

        a.      *Effect of the Holding of Lewis.*

In the present case, defendant's petition was denied at the prima facie stage based on the People's motion to dismiss, arguing that defendant was the actual killer, as evidenced by the jury's gun use enhancement finding and the special circumstances. The only documentation presented to the court for consideration was, apparently, the probation report, which is not a part of the record of conviction. (*People v. Dunn* (2022) 81 Cal.App.5th 394, 403; see also, *People v. Reed* (1996) 13 Cal.4th 217, 230-231.)

The trial court did not have the benefit of the holding in *Lewis* to guide its review of defendant's petition and thus made a determination that defendant failed to make a prima facie showing of entitlement to resentencing without considering the entire record of conviction. For this reason, remand is necessary pursuant to the holding of *Lewis*, for a proper consideration of the record of conviction to determine the precise nature of defendant's conviction, including the nature of the findings as to special circumstances

and gun use, in determining if defendant is entitled to an order to show cause and resentencing.

        b.       *Effect of the Holding of Strong.*

The People urge us to affirm anew because the "record of conviction" shows defendant was convicted of murder as the actual shooter, as evidenced by the gun use allegation and the felony-murder special circumstances finding. {SRB 4} However, as we have noted, the trial court's conclusion that defendant had failed to make a prima facie showing was reached without the benefit of the recent Supreme Court precedents.

In *Strong,* which was decided while this case was pending on appeal and review in the Supreme Court, the Supreme Court concluded that where a jury made findings on special circumstances allegation prior to the holdings of *Banks* and *Clark,* the fact of the findings on the allegation do not automatically render a defendant ineligible for resentencing relief under former section 1170.95, renumbered as section 1172.6.

Under section 1172.6, the trial court must vacate a first-degree murder conviction that was based on a felony-murder theory, unless the petitioner either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of first-degree murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 1172.6, subd. (d)(3), incorporating § 189, subd. (e).)

A felony-murder special circumstance, however, requires that the defendant either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of

8

first-degree murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 190.2, subds. (a)(17), (b)-(d).)

When we conducted our initial review of the trial court's denial of defendant's petition for resentencing, we concluded that the record showed defendant was the actual killer based upon the findings that he personally used a firearm and the jury's finding on the felony-murder special circumstances. (*People v. McLaughlin* (May 5, 2021, E075089 [nonpub. opn.], p. 9.) In his supplemental brief, defendant argues our initial conclusion was incorrect and that there was not sufficient evidence to support the conclusion that defendant was the killer because there were inconsistent statements made by witnesses for the prosecution. {SAOB pp. 4-5} These arguments miss the mark, although, as we have already noted, remand is necessary to allow the court to consider whether the petition set forth a prima facie showing in light of the actual record of conviction.

Because we based our conclusion that defendant was the actual killer on the facts the jury found he personally used a firearm, and that it found true the special circumstances allegation (*People v. McLaughlin, supra,* E075089), prior to the Supreme Court's opinion in *Strong,* remand is necessary. *Strong* holds that a defendant is not automatically rendered ineligible for relief under section 1170.95 or 1172.6 where the special circumstances findings predate the holdings of *Banks* and *Clark.* Because this court, as well as the trial court, did not have the benefit of the Supreme Court's guidance on these matters, remand is required to allow the trial court to reconsider defendant's petition in light of its decision in *Strong.*

**DISPOSITION**

The judgment is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                            P. J.

We concur:

MILLER_____
                        J.

SLOUGH_____
                        J.